LAURA E. DUFFY
United States Attorney
CAROLINE J. CLARK
Assistant U.S. Attorney
California State Bar No. 220000
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: caroline.clark@usdoj.gov
Telephone: (619) 546-7183
Facsimile: (619) 546-7751

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Civil Case No. **'12CV2256 BTM RBB** |
|---|---|---|
| Petitioner, | ) | PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS |
| v. | ) | Date: October 26, 2012 |
| MATTHEW GEHRISCH, as Chief Financial Officer of Proteus Dimensional Technologies, Inc., | ) | Time: 2:00 p.m.<br>Crtrm: 15<br>The Honorable Barry Ted Moskowitz |
| Respondent. | ) | |

Petitioner, the United States of America, by its counsel, Laura E. Duffy, United States Attorney, and Caroline J. Clark, Assistant United States Attorney, petitions the Court for an order to enforce the Internal Revenue Service ("IRS") summons described below and, in support thereof, alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States.

2. Jurisdiction over these proceedings is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. § 1345.

3. Venue is proper in the Southern District of California because Matthew Gehrisch ("Respondent"), as Chief Financial Officer of Proteus Dimensional Technologies, Inc., is found within this district.

4. At all times relevant, Mark L. Lucia, who served the summons on Respondent, was a Revenue Officer with the IRS, employed in the Small Business/Self-Employed Division of the IRS in

1  San Diego, California, and was authorized to issue the IRS summons pursuant to the authority contained
2  in 26 U.S.C. § 7602 and 26 C.F.R. § 301.7602-1. See Declaration of Revenue Officer Mark L. Lucia
3  at ¶ 1 (hereinafter "Lucia Decl.").

4  5. Respondent is the Chief Financial Officer Proteus Dimensional Technologies, Inc., and can
5  be found within this district at 308 Zada Lane, Vista, California, and can also be found at 1260
6  Distribution Way, Vista, California.

7  6. On February 8, 2012, Revenue Officer Lucia issued an IRS summons directing Respondent
8  to appear on March 2, 2012, at 8:30 a.m. at One Civic Center Drive, Suite 400, San Marcos, California,
9  to give testimony and to produce for examination the documents and records specified the summons.
10 Lucia Decl. at ¶¶ 3, 5. The summons related to the corporate tax liabilities of Proteus Dimensional
11 Technologies, Inc. for the tax year ending December 31, 2009. Id. at ¶¶ 2, 3. On February 8, 2012,
12 Revenue Officer Lucia served the summons by handing an attested copy of the summons to
13 Respondent's wife, Regina Gehrisch, at Respondent's last and usual place of abode. Id. at ¶ 4. True
14 and correct copies of the summons and certificate of service are attached to the Lucia Declaration as
15 Exhibits A and B.

16 7. On March 2, 2012, Respondent failed to appear and did not provide any of the summonsed
17 information. Id. at ¶ 5.

18 8. On March 8, 2012, attorney Karen E. Walkenhorst of the Office of Chief Counsel, IRS, sent
19 a letter to Respondent providing him with another opportunity to comply with the summons and
20 directing him to appear before Revenue Officer Lucia on March 22, 2012, at 8:30 a.m. at One Civic
21 Center Drive, Suite 400, San Marcos, California. Id. at ¶ 6. A true and correct copy of the letter is
22 attached to the Lucia Declaration as Exhibit C.

23 9. Respondent did not appear on March 22, 2012, and did not provide any of the summonsed
24 information. Id. at ¶ 7.

25 10. Respondent has not provided the IRS with the testimony and documents requested in the
26 summons. Id. at ¶ 8.

27 11. All administrative steps required by the Internal Revenue Code for the issuance of the
28 summons have been taken. Id. at ¶ 10.

12. In order to obtain judicial enforcement of an IRS summons, the United States bears the initial burden of showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . " United States v. Powell, 379 U.S. 48, 57-58 (1964); accord, United States v. Dynavac, 6 F.3d 1407 (9th Cir. 1993). The burden on the government is a "slight one" and may be satisfied by presenting the declaration by the investigating agent. Dynavac, 6 F.3d at 1414 (citations omitted). Once a prima facie case has been made, "a heavy burden falls on the taxpayer" to show an abuse of process or lack of institutional good faith. Id. The taxpayer "must allege specific facts and evidence to support his allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) (citation omitted). The matter may be decided on the written record in a summary proceeding. See Hotz v. United States, No. MISC-CV-F-95-32, 1996 WL 159695 at *2 (E.D. Cal. Jan. 9, 1996). To be entitled to an evidentiary hearing, a respondent must make some showing to support a contention of improper purpose or lack of good faith. Fortney v. United States, 59 F.3d 117, 121 (9th Cir. 1995).

13. Revenue Officer Lucia is conducting an investigation to determine the corporate tax liabilities of Proteus Dimensional Technologies, Inc., for the tax year ending December 31, 2009. Lucia Decl. at ¶ 2.

14. The Internal Revenue Code specifically allows the issuance of a summons for the purpose of "determining the liability of any person for any internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a). Therefore, Revenue Officer Lucia's investigation is being conducted pursuant to a legitimate purpose specifically authorized by statute.

15. Further, the testimony, books, papers, records, or other data sought by the summons are not already in the possession of the IRS. Lucia Decl. at ¶ 9.

16. Respondent is in possession and control of the testimony and documents concerning the above-described investigation.

17. The Internal Revenue Code permits the Secretary to summon the records of any person "which may be relevant or material" to the investigation. 26 U.S.C. § 7602(a)(1). It is well settled that to satisfy the relevancy requirement set forth in Powell, the United States must demonstrate that the

1  summonsed information may "throw light upon" the subject of the investigation. United States v.
2  Arthur Young & Co., 465 U.S. 805, 813-14, n. 11 (1984). This standard necessarily presents a low
3  threshold because of the inherent difficulties in ascertaining, prior to examination, how much use the
4  summonsed records will be in determining the collectibility of a person's tax liability and whether a
5  person has an income tax liability for a specific period. The Supreme Court has observed that:

> [a]s the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.

10  Arthur Young & Co., 465 U.S. at 814 (internal citation omitted) (emphasis in original). This low
11  threshold of relevance also follows from the language of the Code, which authorizes the investigation
12  of persons who "may be liable" for taxes. 26 U.S.C. § 7601.

13      18. Under the instant circumstances, it is clear that the summonsed material is relevant. The
14  purpose of Revenue Officer Lucia's investigation is to determine the corporate tax liabilities of Proteus
15  Dimensional Technologies, Inc. Lucia Decl. at ¶ 2. The summons seeks, among other things, "All
16  information and records used in or resulting from the preparation of Federal income tax returns
17  consisting but not limited to workpapers, notes, papers, memoranda, and correspondence maintained
18  by, for or under the control of **Proteus Dimensional Technologies, Inc.**, . . . including, but not limited
19  to the following: . . . , general ledger and all subsidiary ledgers maintained, . . . , all books and records
20  showing the income and expenses for the corporation, . . . , bank statements for all banks accounts
21  maintained during the taxable year, . . . " Id. at Exhibit A. The documents sought by this summons are
22  relevant to assess the corporate tax liability of Proteus Dimensional Technologies, Inc. Id. at ¶ 11.

23      19. There is no Department of Justice referral in effect with respect to Respondent or Proteus
24  Dimensional Technologies, Inc. Id. at ¶ 12.

25      WHEREFORE, the United States requests that:

26      1. The Court enter an order directing Respondent, Matthew Gehrisch, as Chief Financial Officer
27  of Proteus Dimensional Technologies, Inc., to show cause, if any, why he should not comply with and
28  obey the above-described summons (Lucia Decl. at Exhibit A) served on February 8, 2012, and each

4

and every requirement thereof, by ordering the attendance, testimony, and production of the books, papers, records, and other data required and called for by the terms of the summons before Revenue Officer Lucia, or any other proper officer or employee of the IRS at such time and place as may be fixed by Revenue Officer Lucia or any other proper officer or employee of the IRS.

    2. That the United States recover the costs and expenses incurred in maintaining this action against Respondent.

    3. That the Court grant such other and further relief as may be required.

DATED: September 14, 2012

LAURA E. DUFFY
United States Attorney

s/ Caroline J. Clark

_____
CAROLINE J. CLARK
Assistant United States Attorney
Attorneys for Petitioner
E-Mail: caroline.clark@usdoj.gov