1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              )   Case No.  12cv2256 BTM (RBB)
                                            )
11                      Petitioner,         )
                                            )
12          v.                              )
                                            )   ORDER   GRANTING   PETITION   TO
13   MATTHEW GEHRISCH, as Chief Financial   )   ENFORCE INTERNAL REVENUE SERVICE
     Officer of Proteus Dimensional Technologies,)   SUMMONS
14   Inc.,                                  )
                                            )
15                      Respondent.         )
     ───────────────────────────────────   )
16

17          The Government has petitioned the Court for an order enforcing the Internal Revenue Service

18   ("IRS") Summons issued to Respondent Matthew Gehrisch, as Chief Financial Officer of Proteus

19   Dimensional Technologies, Inc., ("Respondent").  On September 20, 2012, the Court issued an order

20   to show cause why the IRS summons should not be judicially enforced.

21          On October 1, 2, and 3, 2012, the IRS left copies of the order to show cause, the Government's

22   petition to enforce and supporting declaration at Respondent's business address.  On each visit to the

23   business, the IRS Revenue Agent could hear people inside the office; however, the front door was locked

24   and no one answered the door.  On October 1 and 3, 2012, the IRS went to Respondent's last known

25   home address and was informed by the occupant of the home that Respondent no longer lived there and

26   that she believed he had moved to Ohio.  On October 3, 2012, the IRS mailed a copy of the documents,

27   via first class mail postage prepaid, to Respondent's business and last known residence.

28   ///

1   On October 10, 2012, the IRS received a letter from Respondent, dated October 3, 2012,
2   inquiring into the status of the tax investigation that is the subject of the IRS summons at issue.  The
3   letter indicated that Respondent's business address remained the same location where the IRS made
4   repeated attempts at service.  The postmark on the envelope containing the letter indicated that it was
5   mailed in Ohio.  The IRS conducted a search of the public records on October 16, 2012, which revealed
6   an address for Respondent in Ohio.

7       Respondent did not file a written response to the order to show cause.

8       The hearing was held on the Government's petition on October 26, 2012.  The Government was
9   represented by Assistant United States Attorney Caroline J. Clark.  Respondent did not appear.  For the
10  reasons explained below, the Government's petition to enforce the summons is GRANTED.

11                              BACKGROUND

12      On February 8, 2012, Mark Lucia, a Revenue Agent employed by the IRS, issued an
13  administrative summons to Respondent.  [Declaration of Revenue Agent Mark Lucia in Support of
14  Petition, ("Lucia Decl."), ¶ 3.]  The IRS is conducting an investigation to determine Respondent's
15  corporate tax liabilities for the year ending December 31, 2009.  [Id. at ¶ 2.]  On February 8, 2012,
16  Revenue Agent Lucia served a copy of the summons on Respondent by handing it to Respondent's wife
17  at his last and usual place of abode.  [Id. at ¶ 4.]

18      The summons ordered Respondent to appear before the IRS on March 2, 2012 at 8:30 a.m.  [Id.
19  at ¶ 5.]  On March 2, 2012, Respondent did not appear before the IRS as directed and did not provide
20  any of the summonsed information.  [Id.]  The Office of Division Counsel of the IRS subsequently sent
21  a letter to Respondent directing him to appear before the IRS on March 22, 2012.  [Id. at ¶ 6.]
22  Respondent again failed to appear or provide any of the summonsed information.  [Id. at ¶ 7.]  To date,
23  Respondent has not provided the IRS with the testimony and documents requested by the summons. [Id.
24  at ¶ 8.]

25      On September 17, 2012, the Government petitioned the Court to enforce the summons and the
26  Court set a hearing date and ordered Respondent to show cause why he should not be compelled to
27  comply with the IRS summons.  Respondent did not file a written response to the order to show cause.
28  On October 26, 2012, the Court held a hearing on the order to show cause.

1   ///

2                                                    <u>DISCUSSION</u>

3          An individual may be served in this judicial district by following California law for serving a

4   summons in an action brought in state court.  <u>See</u> Fed. R. Civ. P. 4(e)(1).  California law provides that

5   if a summons and complaint cannot, with reasonable diligence, be personally delivered to the person to

6   be served, a copy may be left at the person's dwelling house or usual place of business in the presence

7   of a competent member of the household or person apparently in charge of the office.  Cal. Civ. Proc.

8   Code § 415.20(b).  If the person apparently in charge of the business refuses to unlock its door, the

9   service papers can be left outside a locked door.  <u>See</u> <u>Berdux v. Project Time & Cost, Inc.</u>, 669

10  F.Supp.2d 1094, 1103 (N.D. Cal. 2009) ("It is sufficient to leave service papers outside of a locked door

11  if the resident refuses to accept the papers or to open the door for the process server.").  To complete

12  service, a copy of the summons and complaint must also be sent to the person to be served by first-class

13  mail at the place where a copy of the summons and complaint were left.  Cal. Civ.

14  Proc. Code § 415.20(b).  Service in this manner is deemed complete on the tenth day after mailing.  <u>Id.</u>.

15         The Court finds that the IRS has substantially complied with Cal. Civ. Proc. Code § 415.20(b).

16  With  reasonable diligence, the IRS tried but could not personally serve Respondent and thereafter

17  properly effected substituted service on Respondent.  This was accomplished by leaving a copy of the

18  documents at Respondent's ususal place of business and thereafter mailing a copy by first-class mail to

19  Respondent's usual place of business.  Despite indication that his personal residence may have changed,

20  the Respondent confirmed that his business address remains the location where the IRS made three

21  attempts to personally serve him.

22         Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any books,

23  papers, records, or other data which may be relevant of material" in connection with "ascertaining the

24  correctness of any return, making a return where none has been made, determining the liability of any

25  person for any internal revenue . . . or collecting any such liability."  Section 7602(a)(1) authorizes the

26  Secretary to issue summonses to compel persons in possession of such books, papers, records, or other

27  data to appear and produce the same and/or give testimony.

28         In order to obtain judicial enforcement of an IRS summons, the United States "must first

                                                       3

1    establish it's 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks

2    information relevant to that purpose; (3) seeks information that is not already within the IRS' possession;

3    and (4) satisfies all administrative steps required by the United States Code." <u>Fortney v. United States</u>,

4    59 F.3d 117, 119 (9th Cir. 1995) (citing <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964)). "The

5    government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn

6    declaration of the revenue agent who issued the summons that <u>Powell</u> requirements have been met." <u>Id.</u>

7    at 120.  Once the government has made a <u>prima facie</u> showing that enforcement of the summons is

8    appropriate, the burden shifts to the Respondent to show that enforcement of the summons would be an

9    abuse of the court's process. <u>Powell</u>, 379 U.S. at 58.  The Supreme Court has characterized respondent's

10   burden as a heavy one. <u>Id.</u>

11       The Government's petition and Revenue Agent Lucia's supporting declaration satisfy all four

12   elements of the <u>Powell</u> standard.  First, the IRS is conducting an investigation with respect to Proteus

13   Dimensional Technologies, Inc.'s 2009 corporate tax liabilities.  [Lucia Decl., ¶ 2.]  Such an

14   investigation is expressly authorized by 26 U.S.C. § 7602(a).  The Internal Revenue Code explicitly

15   allows the issuance of a summons for the purpose of determining "the liability of any person for any

16   internal revenue tax . . . or collecting any such liability . . ." 26 U.S.C. § 7602(a).  Thus, the summons

17   was issued for a legitimate purpose.  Second, Revenue Agent Lucia has declared in his affidavit that the

18   information requested by the summons may be relevant to the IRS's examination of Proteus

19   Dimensional Technologies, Inc.'s 2009 tax liabilities.  [Lucia Decl., ¶ 11.]  Third, the IRS does not

20   already possess the testimony, papers, records, and other data sought by the summons issued to

21   Respondent.  [<u>Id.</u> ¶ 9.]  Finally, the IRS has followed and exhausted all required administrative steps,

22   but Respondent has not complied with the summons.  [<u>Id.</u> at ¶ 10.]  Thus, the Government has made a

23   <u>prima facie</u> showing that it is entitled to judicial enforcement of the summons.

24                                      <u>CONCLUSION</u>

25       For the reasons set forth herein, the Government's petition to enforce the IRS summons is

26   GRANTED.  Respondent, Matthew Gehrisch, is directed to appear before IRS Revenue Agent Mark

27   Lucia or a designee, on November 27, 2012, at 8:30 a.m., at the offices of the Internal Revenue Service

28   located at 1 Civic Center Drive, Suite 400, San Marcos, California, 92069, and to produce the documents

and give testimony as directed in the summons.  The Government shall serve a copy of this Order upon Respondent in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the Government, or as soon thereafter as possible.  Proof of such service shall be filed with the Clerk of Court as soon as practicable.

Respondent is hereby notified that failure to comply with this Order may subject him to sanctions for contempt of court.

**IT IS SO ORDERED.**

DATED:  November 7, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court

5